STATE of Missouri ex rel. Bobby Lee SMITH and Employers Mutual Casualty Company, Relators,

v.

The Honorable Kelso JOURNEY, Judge, Respondent.

No. 59244.

Supreme Court of Missouri,
En Banc.

March 8, 1976.

Stephen M. Blackwell, Blackwell, Sanders, Matheny, Weary, & Lombardi, Kansas City, for relators.

John C. Milholland, Harrisonville, for respondent.

HENLEY, Judge.

This original proceeding in prohibition, commenced in the Court of Appeals, Kansas City district, was transferred here on recommendation of that court after issuance of its provisional rule and before opinion. Rules 83.06 and 83.09.[1]

The action out of which the proceeding arose is one for damages for personal injuries and loss of consortium filed in the circuit court of Cass county (in the 17th circuit; William M. Kimberlin and Robert G. Russell, Judges) by Mollie and Blaine Famuliner (plaintiffs) against Bobby Lee Smith (Smith), one of the relators herein. On application of Smith for a change of venue pursuant to Rule 51.04, the damage suit was transferred to the circuit court of Bates county (in the 27th circuit; Kelso Journey, Judge). After the case reached Bates county, plaintiffs filed an amended petition impleading as an additional defendant Employers Mutual Casualty Company (Employers), the other relator herein. Thereafter, Smith and Employers filed their joint application for change of judge pursuant to Rule 51.05. On presentation, this application was denied and relators immediately sought this writ of prohibition on the ground that respondent was without jurisdiction to deny the application and exceeded his jurisdiction in doing so. As indicated, the provisional rule in prohibition has issued, and it is now for us to decide whether the rule should be made absolute or discharged. We conclude that it should be discharged.

The question presented is, in a nutshell, whether a party-defendant who has obtained a change of venue, or a party who has been added as a defendant since the change of venue, may thereafter obtain a change of judge. The applicable rules are our new [2] Rules 51.04, 51.05 and 51.06.

Rule 51.04, applicable to change of venue for cause, provides in pertinent part:

"(f) Application for change of venue may be made by one or more parties in any of the following classes: (1) plaintiffs; (2) defendants; (3) third-party plaintiffs (where a separate trial has been ordered); (4) third-party defendants; (5) intervenors.

"Each of the foregoing classes is limited to one change of venue and any such change granted any one or more members of a class, including changes granted under Rules 51.02, 51.03 or 51.04, exhausts the right of all members of the class to a change of venue, with this exception: in condemnation cases involving multiple defendants, as to which separate trials are to be held, each such separate trial to determine damages shall be treated as a separate case for purposes of change of venue."

Rule 51.05, applicable to change of judge, provides in pertinent part:

"(d) Application for change of judge may be made by one or more parties in any of the following classes: (1) plaintiffs; (2) defendants; (3) third-party plaintiffs (where a separate trial has been ordered); (4) third-party defendants; (5) intervenors. Each of the foregoing classes is limited to one change of judge and any such change granted any one or more members of a class exhausts the right of all members of the class to a change of judge, with this exception: in condemnation cases involving multiple defendants, as to which separate trials are to be held, each such separate trial to

1. References to rules are to Missouri Supreme Court Rules.

2. Adopted January 19, 1973, and effective September 1, 1973, before the events herein described.

determine damages shall be treated as a separate case for purposes of change of judge."

Rule 51.06, applicable to change of venue and change of judge, provides in pertinent part:

"(a) If a party requests and obtains either a change of venue or a change of judge, he shall not be granted any additional change thereafter. A party who desires both a change of venue and a change of judge must join and present both in a single application."

Relators contend that either of them is entitled to a change of judge, notwithstanding the fact that one (Smith) previously obtained a change of venue. They argue that Rule 51.06(a), proscribing any additional "change" after a party has obtained either a change of venue or judge, refers and applies to an individual "party" to a lawsuit; not to a "class" of parties referred to in Rules 51.04(f) and 51.05(d).

As to Smith, their argument is that Rule 51.06(a) is intended to apply only to a situation where a party desires *simultaneously* a change of venue and a change of the judge before whom the case is then pending; not to a situation where a party has no cause for complaint or dissatisfaction with the judge, desires and obtains a change of venue only, and, after the venue has been changed to a court presided over by another judge, he then desires a change of judge because of some complaint or dissatisfaction with the "new" judge.

As to Employers, they make the additional argument that even if Rule 51.06(a) is meant to apply to a party as a member of one of the "classes" of parties described in Rules 51.04(f) and 51.05(d), it does not bar this party from obtaining a change of judge, because it was not a member of the class when Smith, the other member of the same class, obtained a change of venue.

■ In 1973 this court made rather drastic changes in its rules of procedure applicable to change of venue and change of judge (formerly disqualification of judge). The procedure was simplified by eliminating many of the requirements of statutes and then existing rules, some of which bred unreasonable delay in the disposition of litigation on its merits. Under the new rules, a party may have one change of judge merely for the asking. His application need state only: "defendant requests a change of judge." No longer is he required to state the cause of his application; in fact, he is not even required to have a "cause" or reason for the application. No longer is he required to swear that the judge is prejudiced against him; he need have no complaint against the judge. However, this right to one change of judge has its limitations and restrictions: it is subject not only to Rule 51.05, but also Rules 51.04 and 51.06 and, in some instances, Rule 51.03.[3] These rules are of a piece; of the same matter or subject. Being pari materia, they must be considered and construed with reference to each other.

■ The provision in Rule 51.06(a) that a party who has obtained either a change of venue or change of judge shall not be granted any additional change thereafter has reference to a "party" as a member of any of the classes of parties designated in Rules 51.05(d) and 51.04(f) and to the limitation those rules place on each class; the restriction denying any additional change is read and considered as a part of Rule 51.04 and Rule 51.05. Thus, where a member of one of the classes has obtained either a change of venue or a change of judge he has exhausted the right of all members of the class to that change and thereafter none of its members may be granted any additional change, either of venue or judge.

The Rule 51.06(a) denial of any additional change after a change of venue or judge

---

3. Rule 51.03 is not, of course, involved in this case, the change of venue having been granted under Rule 51.04.

has been obtained is not limited to the situation where a party desires both simultaneously, as urged by relators; it has no reference to the "desires" of a party as influenced by "cause" for a change of judge, or to the timing of the party's "desires," and, as indicated, "cause" for complaint or dissatisfaction with the judge is no longer required.

The provision of these rules that any "change granted to any one or more members of a class exhausts the right of all members of the class to a change" of venue or judge makes no exception for a person who becomes a member of the class after the change. The only exception recognized by these rules is that applicable to condemnation cases. Had the court or its committee on rules intended to except this person from the effect of the provision quoted from Rules 51.04 and 51.05 and the limitation of Rule 51.06(a) that could and would have been expressed in the rules. However, there was no more reason to except this "new" member of the class than there would have been to except any existing member who had not sought but was also affected by the change taken by another member of his class. Had the latter exception been made there would have been little, if any, reason for adoption of new Rule 51.

The provisional rule in prohibition is discharged.

All concur.