**STATE ex rel. James Wendell DAVIS, Relator,**

v.

**The Honorable Kenneth R. LEWIS, Respondent.**

**No. 77018.**

Supreme Court of Missouri, En Banc.

Feb. 21, 1995.

Rehearing Denied March 21, 1995.

Patrick J. Eng, Columbia, for relator.

Michael D. Arnold, Gallatin, for respondent.

### ORIGINAL PROCEEDING
### IN PROHIBITION

LIMBAUGH, Judge.

Relator James Wendell Davis, the defendant in a felony drug trafficking case, seeks a writ of prohibition to prevent the trial judge, Respondent Kenneth R. Lewis, from proceeding to trial. As grounds for the writ, Relator claims that Judge Lewis has no jurisdiction to proceed because Relator filed a timely application for change of judge pursuant to Rule 32.07. The Court of Appeals, Western District, issued a preliminary writ of prohibition, and, thereafter, this Court granted transfer. We now quash the writ.

I.

Relator was charged in the Circuit Court of Daviess County, 43rd Judicial Circuit, with violating § 195.223, RSMo Supp.1989, a class B felony of trafficking in the second degree. After arraignment in circuit court, Relator timely filed an application for change of venue under Rule 32.03 with the Honorable Stephen K. Griffin, the judge originally assigned to the case. Judge Griffin granted Relator's application and ordered the case transferred to Livingston County, also in the 43rd Judicial Circuit. As prescribed by local court rules, Judge Lewis presides over three of the five counties within the 43rd Circuit, including Livingston County, and, under that authority, he assigned himself to Relator's case.[1] Within 30 days of the assignment, Relator filed an application for a change of judge without cause pursuant to Rule 32.07. Judge Lewis denied the application on the basis that Relator waived his right to a change of judge by failing to combine that request with his previous application for change of venue as required by Rule 32.08(a). Thereafter, in response to Relator's petition, the court of appeals issued a preliminary writ of prohibition preventing Judge Lewis from proceeding to trial.

II.

Relator contends that his application for change of judge may properly be filed subsequent to, and independent from, an application for change of venue. Rule 32.03 provides, in pertinent part:

> (a) A change of venue shall be ordered in any criminal proceeding pending in a county having seventy-five thousand or fewer inhabitants upon the filing of a written application therefor by the defendant.

Likewise Rule 32.07 provides:

> (a) A change of judge shall be ordered upon the filing of a written application

1. Contrary to the dissenting opinion, the 43rd Circuit has not been impermissibly divided into two separate circuits. The local court rule that provides for Judge Lewis to preside over three of the five counties and for Judge Griffin to preside over the other two counties does not violate any rule, statute or constitutional provision. There is still a single presiding judge who administers the entire circuit. Moreover, each judge still has jurisdiction in all five counties. Although they sit primarily in the counties over which they preside, they cross over frequently to hear cases in the other counties as well. In essence, the judges have done nothing more than to divide their responsibilities, apparently in an effort to increase the efficiency of their courts.

therefor by any party. The applicant need not allege or prove any reason for such change.

Relator explains that once he satisfied the procedural requirements set forth in Rule 32.07, Respondent was required to transfer the case back to Judge Griffin, the only other circuit judge in the circuit.[2]

Relator, however, fails to take into account Rule 32.08(a), which states that: "A defendant who desires both a change of venue and a change of judge must join both requests in a single application." The obvious purpose of this Rule is to qualify and limit the right to a change of venue under Rule 32.03 and the right to a change of judge under Rule 32.07.

Although there are no criminal cases that address Relator's position, in *State ex rel. Smith v. Journey*, 533 S.W.2d 589 (Mo. banc 1976), this Court held that Rule 51.06(a),[3] the civil counterpart of Rule 32.08(a), precluded a subsequent application for change of venue or change of judge, once a party earlier applied for a change of venue or change of judge. *Id.* at 591. We find no reason to interpret the criminal rule differently from the civil rule. Both are substantially the same. Both require that a defendant (or either party in a civil case) who desires both a change of venue and a change of judge must bring them in a single application.

Nevertheless, Relator argues that Rule 32.08(a) does not control because at the time he applied for a change of venue, he did not "desire" both a change of venue and a change of judge. It was only after venue was changed and Judge Lewis was assigned that Relator contends he "desired" a change of judge. As we understand this argument, Rule 32.08(a) is triggered only when a defendant simultaneously desires both a change of venue and change of judge. In our view, however, Rule 32.08(a) applies regardless of the timing of the applicant's "desire" for a change of venue or for a change of judge. Instead, the rule is effective upon the filing of either an application for change of venue or an application for change of judge. *See Journey*, 533 S.W.2d at 591–92. Consistent with its civil rule counterpart, Rule 32.08(a) forbids the filing of separate motions.

From a more fundamental standpoint, Relator's complaint is that the rule is illogical and meaningless because it requires him to file the motion to disqualify the judge before he knows who the new judge in the new venue will be. Implicit in Relator's complaint is an unwillingness to acknowledge the risk undertaken by the filing of any motion for change of venue: that there is no guarantee of a favorable venue and no guarantee of a favorable judge.

Furthermore, despite Relator's views, the rule has useful and logical effects. First of all, it allows a defendant to disqualify a potentially unsympathetic judge from acting on a jointly-filed request for change of venue. More importantly, the rule allows a defendant to disqualify an unwanted judge who might otherwise follow the case on change of venue to a different county within the same circuit. Indeed, it is not uncommon in multi-county circuits for the original judge to be reassigned to the case after it is transferred. In any event, the rule allows the disqualification of the original judge once and for all. In these contexts, the Rule has the important purpose of expediting the process of disqualifying the judge, thereby expediting the case as a whole.

In sum, Rules 32.03, 32.07 and 32.08 present a criminal defendant with three options: (1) to take a change of venue; (2) to take a change of judge; or (3) to take a change of venue and a change of judge. Once any of these options is exercised, the other two are

---

2. Rule 32.07(e) provides that "[i]f the case is being heard by a circuit judge in a circuit having two circuit judges, the judge shall transfer the case to the other circuit judge."

3. Rule 51.06(a) provides:

If a party requests and obtains either a change of venue or a change of judge, that party shall not be granted any additional change thereafter except for cause or under Rule 51.07. A party who desires both a change of venue and a change of judge must join and present both in a single application.

foreclosed. Thus, we hold that the application for a change of venue foreclosed Relator's subsequent application for change of judge. The preliminary writ of prohibition issued by the court of appeals is quashed.

HOLSTEIN, BENTON, JJ., and PARRISH, Special Judge, concur.

ROBERTSON, J., dissents in separate opinion filed.

THOMAS and PRICE, JJ., concur in opinion of ROBERTSON, J.

COVINGTON, C.J., not sitting.

ROBERTSON, Judge, dissenting.

The Wicklow Mountains lie just outside Dublin, Ireland. It is an area of wild beauty, a place to which, as an Irishman born near there, I return as often as I can. It is still a bare and lonely spot, with unmarked roads, and I still get lost. Once I stopped and asked the way. "Sure, it's easy," a local replied, "just keep going the way you are, straight ahead, and after a while you'll cross a small bridge with Davy's Bar on the far side. You can't miss it!" "Yes, I've got that," I said. "Straight on to Davy's Bar." "That's right. Well, half a mile before you get there, turn to your right up the hill."

Charles Handy, *The Age of Paradox,* 49 (1994).

In this case, the prosecutor filed an information against relator in Daviess County. Local rules assigned the case to Judge Griffin. Relator wanted a change of venue. He did not want a change of judge. He filed a motion to change the venue. He did not file a motion to change the judge because he did not want to change the judge. Nevertheless, under local rules, a change of venue to a different county within the same circuit resulted in a change of judge.

Rule 32.08 provides that when a defendant "*desires both* a change of venue and a change of judge [the defendant] must join both requests in a single application." [Emphasis added.] By its own terms, the defendant's "desire" triggers Rule 32.08. Absent that desire, Rule 32.08 does not apply. The Court's opinion ignores the plain wording of the rule, apparently preferring to substitute a desire of its own for the words of the rule. Rule 32.07(a) requires that "[a] change of judge shall be ordered upon the filing of a written application therefore by any party." The trial attorneys of this state defend their privilege to seek and receive a change of the judge initially assigned to a case with all of their considerable might. From time to time someone—usually a circuit judge—suggests the rule permitting such changes is inefficient and more often than not used for no more noble purpose than delay. When such blasphemy is uttered, the howl begins, often with expressions by trial attorneys of a near willingness to shed blood (though perhaps not their own) in defense of this right, until the heretic recants and turns to other endeavors.

The meaningful exercise of what Rule 32.09 makes a once-for-all-time privilege depends on knowing which judge is assigned to try the case. That is the reason for the use of the word "desires" in Rule 32.08. Had the drafters of the rules—or the members of the Court who approved Rule 32.08 in 1981—intended to say that the filing of a motion to change venue prohibits the subsequent filing of a motion to change judge, they could easily have said so. Under a reading of the plain words of the rule, it follows that if a defendant does not desire to change the judge at the time he or she wishes to change the venue, the privilege to change the judge is not exhausted and remains alive until the venue question is resolved and the judge assigned to try the case is known.

This reading of Rule 32.08 is entirely consistent with Rule 32.07(c), which applies in this case. Rule 32.07(c) requires that change of judge applications in felony cases be filed "not later than thirty days after arraignment *if the trial judge is designated* at arraignment;" if the trial judge is not assigned at arraignment, "the application [to change judge] must be filed not later than thirty

days *after the designation of the trial judge."* [Emphasis added.] As must be obvious from reading Rule 32.07, it is the designation of the trial judge—the selection under local procedures of the jurist finally assigned to hear the case absent the filing of a Rule 32.07 application—that permits the defendant to determine whether to exercise the privilege of changing that judge. Where a new trial judge is designated by court procedure and not as a result of the defendant's exercise of the privilege granted by Rule 32.07, the privilege remains alive, subject to the time limitations established in Rule 32.07(c). To read Rule 32.07(c) and Rule 32.08 any other way is to render the privilege of changing the judge granted by the rules meaningless. And that is exactly what the majority accomplishes.

There is a second problem in this case. The trial court of this state is divided into forty-five circuits ostensibly for the convenient administration of justice. By statute, the forty-third judicial circuit consists of five counties: Caldwell, Clinton, Daviess, DeKalb and Livingston. § 478.750, RSMo1986. By local rule'[1] Judges Lewis and Griffin have divided the circuit and taken responsibility for only part of the circuit. This is contrary to the circuit-wide responsibilities they bear as *circuit* judges under the law and despite the fact that each is elected by the voters of all five counties to the entire circuit. As a result of the local rule, circuit judges of the forty-third circuit have created a *de facto* forty-sixth circuit.

The forty-third circuit's local rule violates Section 478.750, RSMo1986, and article V,

section 15.1 of the Missouri Constitution. The legislature, not the personal convenience of the circuit judges, determines the composition of the circuits.

More, the local rule amends this Court's Rule 32.08. It does so by making the "desire" of the defendant irrelevant. Indeed, *the local rule assures the defendant that his* desire—to keep the judge assigned and change the venue—cannot be achieved.

Had the defendant followed Rule 32.08 and filed contemporaneous motions for change of judge and change of venue, the judge then assigned to the case—Judge Griffin—would have sustained the motions, ordered the venue changed, and taken himself from the case. That would leave the case with Judge Lewis. Because the defendant filed only a change of venue motion, the local rule sent the case to Livingston County and assigned the case to Judge Lewis. As our rules do not permit anticipatory change of judge motions—motions that say "[d]efendant will take any judge but Judge Lewis if I must have a new judge"—there is no motion relator could have filed that would not have handed the case to Judge Lewis.

Where venue is changed to another county within the same circuit, the circuit judge assigned to the case ought to travel with it. Were that the rule in the forty-third circuit, as it should be, there would have been no problem in this case and the Court would be saved the effort of proving to the Bar its

1. The majority says that "the 43rd Circuit has not impermissibly divided into two separate circuits." Since this case is about reading the rules, a task with which I find the majority having significant difficulty, the text of Local Rule 1 of the Forty–Third Circuit follows:
   Division I shall consist of the Circuit Courts of DeKalb, Caldwell, and Livingston Counties, including the Juvenile Divisions thereof regularly presided over by the Division I Circuit Judge. Division II shall consist of the Circuit Courts of Clinton and Daviess Counties, including the Juvenile Divisions thereof regularly presided over by the Division II Circuit Judge....
   Compare this to Local Rule I of the Twenty–Sixth Judicial Circuit, a five county circuit with two circuit judges:
   (1) There shall be two circuit judges in the Twenty-sixth Judicial Circuit and each circuit

judge shall separately try causes and exercise and perform the duties imposed on circuit judges. The two circuit judges of the Twenty-sixth Judicial Circuit shall sit in divisions numbered one and two as provided by Section 478.705 V.A.M.S.
   (2) The court shall, from time to time, by order of the presiding circuit judge, designate one of its divisions to act as the general juvenile division of the court; ...
The gentle reader can determine whether the local rules of the forty-third circuit determine case assignment by geographic filing within the circuit rather than circuit-wide filing over which each circuit judge bears some circuit-wide responsibility.

inability to read the plain words of its own rules.

The rules of this Court are often a bare and lonely spot with unmarked roads on which it is easy to get lost. Too often the Court interprets its rules to take away what their plain words seem to grant, leaving even the most frequent visitor confused and lost.

I do not believe that this Court should read its rules to require a defendant to make a turn one-half mile before a landmark that lies hidden over the next hill, around a bend and shrouded in fog. The Wicklow Mountains are beautiful no doubt. They have no place in this Court's rules.

By giving meaning to the plain language of the rule or by requiring that local circuit rules conform to the constitution, the statutes and the rules of this Court, much of the confusion can be avoided. Either solution is preferable to the Court's inventive direction here—a direction that serves little purpose beyond a display of the raw exercise of the Court's power to do what it wants despite what its rules say.

I must respectfully dissent.