**PARKSIDE WIREWORKS,**
**L.L.C., Respondent,**

v.

**MDG MANAGEMENT**
**CORPORATION,**
**Appellant.**

**No. ED 80034.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 2002.

Ryan S. Shaughnessy, St. Louis, MO, for appellant.

John N. Borbonus, III, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

MDG Management Corporation (MDG) appeals from the judgment of the associate division of the circuit court denying its motion to set aside the default judgment entered in favor of Parkside Wireworks, L.L.C. (Parkside) and against MDG. On appeal, MDG contends the associate circuit judge erred in denying its motion to set aside the default judgment finding Rule 74.05 is not applicable in the associate division of the circuit court. MDG argues Rule 74.05(d) is applicable in the associate division of the circuit as a means to set aside a default judgment. Because we find that Rule 74.05(d) does apply in the associate division of the circuit court, we reverse the denial of MDG's motion to set aside the default judgment and remand for further proceedings.

On April 18, 2001, Parkside filed suit against MDG in the associate division of the circuit court under Chapter 517 claiming breach of a covenant of warranty and seeking damages in the amount of $6,416.26. On May 17, 2001, after MDG failed to appear, the associate circuit judge entered a default judgment in favor of Parkside and against MDG in the amount of $6,416.26. On July 11, 2001, MDG filed a motion to set aside the default judgment pursuant to Rule 74.05(d). The associate circuit judge denied MDG's motion to set aside the default judgment on the grounds that "Rule 74.05 is not applicable because the entry of the default judgment is not a judgment as defined by Rule 74.01 and, therefore, Rule 74.05 does not apply." MDG now appeals.[1]

---

1. We note we are without the benefit of a brief from Parkside.

■ In its sole point, MDG contends the associate circuit judge erred in denying its motion to set aside the default judgment on the grounds that Rule 74.05 was not applicable because the rules of civil procedure apply in this case and, therefore, Rule 74.05(d) is applicable.

Initially, we note that this is an issue of first impression and there are no cases specifically addressing the applicability of Rule 74.05(d) in the associate division of the circuit court. Rule 41.01(d) provides that civil actions pending in the associate circuit division shall be governed by Rules 41 through 101 except where otherwise provided by law. Chapter 517 of the Missouri Revised Statutes governs the procedures before associate circuit judges. Section 517.021, RSMo 2000,[2] provides that "the rules of civil procedure shall apply to cases or classes of cases to which this chapter is applicable, except where otherwise provided by law." Section 517.131, enacted by 1985 legislation and effective January 1, 1987, allows for the entry of a default judgment by associate circuit judges. Section 517.131, as amended in 1988, provides:

> A default judgment may be entered in favor of a party filing a claim upon appearance by such party in person or by attorney upon written oath made by such party or upon evidence as may be determined by the judge when the opposing party has been duly and timely served with summons and does not appear in court on the return date or subsequent date to which the case has been continued.

Chapter 517 does not have a specific provision allowing for the setting aside of a default judgment. Thus, we must determine whether the procedure to set aside a default judgment as set out in Rule 74.05(d) applies before the associate circuit division.

Prior to 1987, Chapter 517 explicitly provided for the entry of and the setting aside of default judgments. It set forth the procedure for the entry of default judgments and nonsuits. Sections 517.460 and 517.470, RSMo 1949. In addition, Section 517.480, RSMo 1949, allowed an aggrieved party to file an application to set aside a judgment of nonsuit or judgment by default, such application had to be filed within ten days, twenty days for nonresidents, after the rendering of the judgment. However, these sections were repealed by 1985 legislation and the repeal was effective January 1, 1987. In its place, the legislature enacted Section 517.131, which no longer contains a provision for the setting aside of default judgments.

Shortly thereafter, the Supreme Court adopted Rule 74.05 on May 22, 1987, which became effective January 1, 1988. Currently, Rule 74.05(d) sets forth the guidelines for setting aside a default judgment or interlocutory order of default. Rule 74.05(d) provides, in pertinent part:

> Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

■ Rule 74.05(d) is applicable to associate circuit division cases, "except where otherwise provided by law." Rule 41.01(d); Section 517.131. The General Assembly has not enacted a law that provides a procedure for setting aside a default judgment in associate circuit division cases. Accordingly, Rule 74.05(d) is applicable in cases where an associate circuit

---

2. All further statutory references are to RSMo 2000 unless otherwise indicated.

judge has entered a default judgment against a party. Therefore, a motion to set aside a default judgment can be filed in the associate division of the circuit court pursuant to Rule 74.05(d). An aggrieved party may file for a trial de novo with the circuit court within ten days of the entry of the judgment,[3] but this does not replace a motion to set aside for those parties who do not find out about the entry of a default judgment until after the expiration of the ten days.

With the foregoing in mind, we find that Rule 74.05(d) does apply in the associate division of the circuit court. Accordingly, we reverse the denial of MDG's motion to set aside the default judgment and remand the cause for further proceedings consistent with this opinion.

CRANDALL, P.J., and CRANE, J., concur.

---

**3.** Default matters are "uncontested" because they are tried without challenge or contest. *Wulff v. Kakadiaris,* 856 S.W.2d 128, 129 (Mo. App.W.D. 1993) (citing *Weston Point Resort Condominium Owners' Ass'n, Inc. v. Floro,* 796 S.W.2d 928, 931 (Mo.App.S.D. 1990)). Because Section 512.180 makes no provision for appellate review of "uncontested" tried before associate circuit court judges in which the petition claims damages exceeding $5,000.00, the constitutional right to trial de novo provided in Mo. Const, Article V, Section 27.5 controls.