**STATE of Missouri ex. rel. VEE–JAY CONTRACTING CO., Relator,**

v.

**The Honorable Margaret M. NEILL, Presiding Judge, Twenty–Second Judicial Circuit, Respondent.**

**No. SC 84218.**

Supreme Court of Missouri, En Banc.

Nov. 26, 2002.

Thomas J. Magee, Catherine V. Jochens, Robyn G. Fox, St. Louis, for Relator.

Herman Praszkier, John D. Anderson, John J. Page, Zora Manjencich, St. Louis, for Respondent.

DUANE BENTON, Judge.

Flordia Murray, a driver at Lambert International Airport, slipped and fell while walking across a parking lot at work. She initially sued the City of St. Louis and a construction company. Murray dismissed the City after it invoked the Workers' Compensation Law. She then amended to add Vee–Jay Contracting Company. All defendants are corporations. Vee–Jay timely moved to transfer venue, alleging that venue was improper in the City. Murray filed no reply. No evidence was presented that any of the corporations had an office or agent in the City. The respondent judge overruled the motion to transfer venue. This Court now issues a writ of mandamus to transfer to another county. *Mo. Const. art. V, sec. 4.*

The procedure to challenge venue is determined by the Supreme Court Rules. *Mo. Const. art. V, sec. 5.* Rule 51.045 provides (emphasis added):

(a) An action filed in the court where venue is improper shall be transferred to a court where venue is proper if a motion for such transfer is timely filed....

\* \* \*

(b) Within ten days after the filing of a motion to transfer for improper venue, an opposing party may file a reply denying the allegations in the motion to transfer. If a reply is filed, the court shall determine the issue.

If the issue is determined in favor of the movant **or if no reply is filed,** a transfer of venue shall be ordered to a court where venue is proper....

\* \* \*

Vee–Jay asserts that since no reply was filed, transfer shall automatically be ordered. The respondent judge counters that venue is transferred only if the movant proves venue improper.

Courts interpret Supreme Court Rules by applying principles similar to

those used for state statutes. *In re A.S.O. v. R.L.O,* 75 S.W.3d 905, 910 (Mo.App. W.D.2002); *Hanks v. Rees,* 943 S.W.2d 1, 4 (Mo.App. S.D.1997); *Engine Masters, Inc. v. Kirn's, Inc.,* 872 S.W.2d 644, 646 (Mo. App. E.D.1994). This Court's intent is determined by considering the plain and ordinary meaning of the words in the Rule. See *Jones v. Director of Revenue,* 832 S.W.2d 516, 517 (Mo. banc 1992).

The plain and ordinary meaning of Rule 51.045 mandates a transfer of venue when no reply is filed by the opposing party, to a motion to transfer venue that alleges venue is improper. The term "shall" is mandatory. See *Dreer v. Public School Retirement System of St. Louis,* 519 S.W.2d 290, 296 (Mo.1975); *McKittrick v. Wymore,* 343 Mo. 98, 119 S.W.2d 941, 944 (1938). A judge must transfer venue if the opposing party does not reply to a proper motion to transfer. See *State ex rel. Schnuck Markets, Inc. v. Koehr,* 859 S.W.2d 696, 698 (Mo. banc 1993). This is but an application of the general rule that failure to file a required answer admits the allegations of the preceding pleading. *Rule 55.09.*

In this case, the respondent judge had a duty to transfer the case to a proper venue. *Sec. 476.410 RSMo 2000; State ex rel. SSM Health Care St. Louis v. Neill,* 78 S.W.3d 140, 142 (Mo. banc 2002); *State ex rel. DePaul Health Center v. Mummert,* 870 S.W.2d 820, 823 (Mo. banc 1994). The alternative writ of mandamus is made absolute.

LIMBAUGH, C.J., WHITE, WOLFF, LAURA DENVIR STITH and PRICE, JJ., and KRAMER, Sp.J., concur. TEITELMAN, J., not participating.