STATE of Missouri, ex rel. USAA CASUALTY INSURANCE COMPANY, et al., Relators,

v.

The Honorable Michael P. DAVID, Presiding Judge of the Twenty–Second Judicial Circuit (St. Louis City), Respondent.

No. ED 83228.

Missouri Court of Appeals,
Eastern District,
Writ Division One.

Sept. 9, 2003.

Thomas Magee, St. Louis, MO, Samuel B. Murphy, Clayton, MO, for appellant.

Michael Paul David, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Relator, USAA Casualty Insurance Company ("USAA") seeks a permanent writ of mandamus following the denial of its motion to transfer for improper venue. USAA asserts that the trial court should have granted its motion because venue was improper in the Circuit Court of the City of St. Louis, and a writ of mandamus compelling the trial court to grant USAA's motion to transfer for improper venue is proper. Our preliminary writ of mandamus is made absolute.

Robert Hoffmann ("plaintiff") filed suit in the Circuit Court of the City of St. Louis against USAA and several other defendants. In his petition, plaintiff alleged counts of vexatious refusal to honor its obligations under a policy of insurance and breach of contract based upon the alleged refusal of USAA to compensate plaintiff for loss occurring to his insured property. In his petition, plaintiff asserted that "defendant(s) have offices, agents, registered office and/or agents, doing business, and/or reside within the confines of the City of Saint Louis and with the tortuous [sic] conduct occurring in part within the confines of the City of Saint Louis...." USAA filed a motion to transfer for improper venue on March 28, 2003, denying that it had any registered offices and/or agents in the City of St. Louis at the time the suit was filed, and attaching an affida-

vit swearing the same. Plaintiff did not file a reply to USAA's motion until April 23, 2003. The trial court denied USAA's motion to transfer for improper venue, and USAA filed its petition for writ of mandamus, requesting that a writ of mandamus be issued compelling the trial court to grant its motion.

■ Missouri Supreme Court Rule 51.045(b) provides that within ten days of the filing of the motion, the opposing party may file a reply to a motion to transfer for improper venue. Pursuant to the rule, if such reply is filed, the court is to then determine the issue. However, "if no reply is filed, a transfer of venue shall be ordered to a court where venue is proper." Our interpretation of the language of the Missouri Supreme Court Rules is guided by principles similar to those applied in our interpretation of state statutes. *State ex rel. Vee–Jay Contracting Co. v. Neill,* 89 S.W.3d 470, 471 (Mo. banc 2002). The intent of the Supreme Court is determined by the plain and ordinary language contained in the rule. *Id.* "The plain and ordinary meaning of Rule 51.045 mandates a transfer of venue when no reply is filed by the opposing party to a motion to transfer venue that alleges venue is improper. The term 'shall' is mandatory." *Id.* at 472. If a plaintiff's reply to a motion to transfer for improper venue is filed after the ten days allowed by Rule 51.045(b), the trial court does not have the discretion to deny the motion, and the duty to grant the motion is "purely ministerial." *State ex. rel. The Kansas City Southern Railway Company v. David,* 105 S.W.3d 517 (Mo. App.2003).

■ Plaintiff argues that USAA has failed to establish the actual date upon which plaintiff received USAA's motion to transfer for improper venue, and therefore, has failed to establish the time from which the ten days to reply began to run.

Pursuant to Missouri Supreme Court Rule 84.07, motions may be served by mail upon the attorney of record of the adverse party, and evidence of service of the motion may be shown by a written certificate of counsel making such service. Pursuant to Rule 43.01, service by mail is complete upon mailing, not upon actual receipt. In the present case, USAA's motion to transfer for improper venue contains a written certificate of service stating that the motion was mailed to plaintiff's counsel on March 27, 2003. Plaintiff correctly notes that pursuant to Rule 44.01(e), where a party is required to take some action in response to a motion within a prescribed period of time, as in the present case, the party is allowed three additional days to do so where the motion is served by mail. However, in the present case, plaintiff's response was filed on April 23, 2003, well after the prescribed period for response, even with the additional three days allowed by Rule 44.01(e).

In the present case, plaintiff failed to timely file a response to USAA's motion to transfer for improper venue. Therefore, the trial court was without any discretion to deny the motion, if there was another court where venue was proper.

Because the record before us is insufficient to establish whether venue is proper in either St. Louis County or St. Charles County, we remand the issue to the trial court. The preliminary writ of mandamus is made absolute to the extent that the trial court shall transfer the case to a court where venue is proper.

GARY M. GAERTNER SR., J., concurs.

ROBERT G. DOWD JR., J., concurs.