**STATE of Missouri ex rel. Mc-DONALD'S CORPORA-TION, Relator,**

v.

**The Honorable Paula BRYANT, Judge of the Circuit Court of the City of St. Louis, Missouri, Division 27, Respondent.**

No. ED 84840.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Dec. 7, 2004.

Mark F. Mueller, St. Louis, MO, for relator.

Craig S. Redler, St. Charles, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

Relator, McDonald's Corporation, filed its petition for a writ of prohibition or, in the alternative, a writ of mandamus. Relator argued that the respondent judge erred in not granting its motion to transfer venue. We issued a preliminary order in prohibition. Because the plaintiff in the underlying action, Martin McQuiller, failed to file a reply to relator's motion to transfer venue, respondent had a duty to transfer the case to a court where venue is proper. The preliminary order in prohibition is made absolute.

In November 2003, McQuiller filed his action against relator in an associate circuit division of the City of St. Louis Circuit Court. McQuiller alleged that he slipped and fell at relator's restaurant located in St. Louis County. The petition is captioned "PERSONAL INJURY UNDER $25,000." Relator was served and the return date of the summons was May 25, 2003. On that date, relator specially appeared and filed a motion to transfer venue with a supporting affidavit. Relator alleged in the motion that venue was improper in the City of St. Louis because it does not "have or usually keep an office or agent for the transaction of their usual and customary business, or operate any restaurant, in the City of St.Louis," and that the cause of action accrued in St. Louis County. Relator further alleged that, under section 508.040, venue is only proper in St. Louis County.[12] Respondent continued the matter and, on June 10, 2004, relator's motion was called, heard, and submitted.[3] McQuiller never filed a reply to relator's motion to transfer venue. On June 16, 2004, respondent denied relator's motion. Relator filed a petition for writ of prohibition or, in the alternative, a writ of mandamus. This court issued a preliminary order in prohibition.

Chapter 517 sets out provisions relating to the practice and procedure in civil cases originally filed in an associate circuit division. *Becker Glove International Inc. v. Dubinsky*, 41 S.W.3d 885, 887 (Mo. banc 2001). Here, the action was originally filed in an associate circuit division and the sum demanded did not exceed $25,000. Under section 517.011.1(1), the provisions of Chapter 517 apply here.

Section 517.061 states:
Change of venue and change of judge shall be for the same reasons and in the

---

1. Section 508.040 provides that "[s]uits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

2. All statutory references are to RSMo.2000.

3. Other than a memorandum stating that the motion to transfer was called, heard, and submitted on June 10, 2004, no other record of this hearing was filed with this Court.

same manner as provided in the rules of civil procedure except that the application shall be filed not later than five days before the return date of the summons. If the cause is not tried on the return date but continued and if all parties are given fifteen days' advance notice of a trial setting before the particular judge, then any application for change of judge or change of venue shall be made not later than five days before the date set for trial.

Respondent argues that relator's motion to transfer was untimely because it was not filed within five days of the return date of the summons. But the motion to transfer must be filed within five days of the return date only when the case is tried on that date. Here, the case was not tried on the return date. The second part of section 517.061 sets forth when a motion to transfer must be filed when the case is not tried on the return date. In the present case, relator filed its motion to transfer on the return date. Under the second part of section 517.061, the motion was timely.

 We next address McQuiller's failure to file a reply to relator's motion to transfer. Rule 51.045 provides procedures for replying to a motion to transfer that alleges improper venue. This rule stated in part that "[w]ithin ten days after the filing of a motion to transfer for improper venue, an opposing party may file a reply denying the allegations in the motion to transfer ... if no reply is filed, a transfer of venue shall be ordered to a court where venue is proper...."[4] "The plain and ordinary meaning of Rule 51.045 mandates a transfer of venue when no reply is filed by the opposing party, to a motion to transfer venue that alleges venue is improper."

*State ex rel. Vee–Jay Contracting Co. v. Neill*, 89 S.W.3d 470, 472 (Mo. banc 2002). A judge must transfer venue if the opposing party does not reply to a proper motion to transfer venue. *Id.* "This is but an application of the general rule that failure to file a required answer admits the allegations of the preceding pleading." *Id.* If Rule 51.045 applies here, then respondent had a duty to transfer the case to a court where venue is proper.

Section 517.021 provides that the rules of civil procedure "shall apply to cases or classes of cases to which this chapter is applicable, except where otherwise provided by law." In addition, Rule 41.01(d) likewise states that "[c]ivil actions pending in the associate circuit division shall be governed by Rules 41 through 101 except where otherwise provided by law." Moreover, section 517.061 states that, other than the timing of the application to transfer, change of venue "shall be for the same reasons and in the same manner as provided in the rules of civil procedure." There is no separate or different procedure set forth in section 517.061 or any other provision of Chapter 517 that addresses replies to motions to transfer venue. Thus, Rule 51.045 applies here. *See Parkside Wireworks v. MDG Management Corp.*, 69 S.W.3d 133, 135–36 (Mo.App. E.D.2002).

Respondent argues that although no formal reply to relator's motion to transfer was filed, pleadings under Chapter 517 are informal and therefore McQuiller's oral argument on June 10, 2004 was sufficient. Even assuming oral argument was sufficient, it was not made within ten days after relator filed its motion to transfer, May 25, 2004, as was then required under Rule 51.045(b). Respondent also contends

---

4. The Missouri Supreme Court has adopted a new Rule 51.045 that changes the time to file a motion to transfer venue and the time to reply. The new rule did not become effective until July 1, 2004. The new rule contains nearly identical language to the previous rule that applies if a reply is not filed. The new rule states that "if no reply is filed, the court shall order a transfer of venue to a court where venue is proper."

**104**

that it is "common practice" that parties are not required to file responsive pleadings in the Associate Circuit Division of the City of St. Louis Circuit Court.

Section 517.031.1 does indeed provide that "[t]he pleadings of the petition shall be informal unless the court in its discretion requires formal pleadings." In addition, section 517.031.2 states that:

> Affirmative defenses, counterclaims, and cross claims shall be filed in writing not later than the return date and time of the summons unless leave to file the same at a later date is granted by the court. No other responsive pleading need be filed. If no responsive pleading is filed, the statements made in the petition, affirmative defenses, counterclaims or cross claims shall be considered denied except as provided in section 517.132.

It has been recognized that certain provisions of Chapter 517 reflect a statutory directive that proceedings in associate circuit courts are intended to be less formal than circuit court proceedings. *Exchange National Bank v. Wolken*, 819 S.W.2d 45, 48 (Mo. banc 1991). But, as previously discussed, section 517.021 provides that the rules of civil procedure apply "except as where otherwise provided by law." Therefore, the informal nature of associate circuit proceedings notwithstanding, under section 517.021, Rule 51.045 applies.

Here, McQuiller failed to file a response to relator's motion to transfer. The preliminary order in prohibition is made absolute, and respondent is ordered to refrain from all action except to transfer the case to a proper venue.

CLIFFORD H. AHRENS, J., and BOOKER T. SHAW, J., concur.