

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, ex rel. )
RUDY TAPIA and DOUGLAS ROGERS, )
            )
    Relators, )
            )
v. )  No. SD38681
            )  Filed: April 11, 2025
THE HONORABLE DEREK ANKROM, )
Judge of the Thirty-First Judicial Circuit, )
Greene County, Missouri, )
            )
    Respondent. )

### ORIGINAL PROCEEDING IN PROHIBITION

### PRELIMINARY WRIT OF PROHIBITION MADE PERMANENT

Rudy Tapia and Douglas Rogers (hereinafter referred to individually by their surnames and collectively as Relators) filed a writ of prohibition with this Court asking that the Honorable Derek Ankrom (Respondent Judge) be prohibited from taking any further action in this case, except to order a change of judge. Having finally determined the matter, we make the preliminary writ permanent. *See* **State ex rel. Unnerstall v. Berkemeyer**, 298 S.W.3d 513, 516 (Mo. banc 2009); **State ex rel. Jackson v. Parker**, 496 S.W.3d 559, 563 n.8 (Mo. App. 2016).

**Factual and Procedural Background**

On July 3, 2024, JD Industries, LLC d/b/a Midwest Roofing (Midwest Roofing) filed a petition against Tapia, Rogers, and Empire Roofing and Construction Enterprises, LLC (Empire), in the Circuit Court of Miller County, Missouri. The petition filed by Midwest Roofing asserted claims for: breach of contract as to Tapia (Count I); breach of contract as to Rogers (Count II); tortious interference with business relationships (Count III); declaratory judgment (Count IV); preliminary injunction (Count V); and permanent injunction (Count VI). Paragraph 5 of Midwest Roofing's petition alleged that it was "damaged by the wrongful conduct of Defendants in Greene County, Missouri." Tapia was served with the summons and petition on July 9, 2024. Empire was served with the summons and petition on July 12, 2024, and Rogers was served with the summons and petition on July 23, 2024.

On August 7, 2024, Empire filed a motion to transfer venue, which alleged that venue was improper pursuant to § 508.010.[1] That same day, Relators also filed a motion to transfer venue for the same reason. Empire and Relators requested that the case be transferred to Greene County, Missouri. Midwest Roofing's counsel did not file a Rule 51.045 reply stating why venue in Miller County was proper or why venue in Greene County was improper.

On August 20, 2024, the parties sent a letter informing the Miller County circuit judge that venue should be transferred to Greene County pursuant to Rule 51.045. In relevant part, the letter stated:

---

[1] References to § 508.010 are to RSMo Cum. Supp. (2019). References to § 476.410 are to RSMo (2016), unless otherwise specified. All rule references are to Missouri Court Rules (2024).

The Petition asserts a claim sounding in tort and the allegations state that Plaintiff [Midwest Roofing] was first injured in Greene County, Missouri. The Defendants [Empire and Relators] filed motions to transfer venue to the Circuit Court of Greene County. In response, Plaintiff filed a consent to the transfer of venue to Greene County. Pursuant to Mo. Sup. Ct. R. 51.045(c), this Court should now enter its order transferring this matter to Greene County pursuant to the stipulation and Defendants' motions. Please let us know if the Court requires a hearing to effectuate the transfer.

On August 28, 2024, the Miller County circuit judge granted the motions and transferred the case to the Circuit Court of Greene County, Missouri. That same day, the case was docketed in Greene County, and the case was assigned to Respondent Judge.

On or about September 13, 2024, the parties to the Greene County case received notice that Respondent Judge had been designated to the case. On September 17, 2024, Relators filed a Rule 51.05 Application for Change of Judge. That same day, Respondent Judge issued the following order:

The Court is in receipt of the Application for Change of Judge ("Motion") filed by Defendants [Tapia and Rogers] on September 17, 2024. To expedite its business, and pursuant to Rule 55.30(c), the Court dispenses with oral hearing on such Motion. Rule 51.02 provides that, following "a stipulation agreeing upon removal of the civil action to a designated court of competent jurisdiction[,] no ... change of judge shall be granted to any party stipulating to the change ... except where there is cause for a change of judge." Similarly, Rule 51.06(a) provides that "[i]f a party requests and obtains either a change of venue or a change of judge, that party shall not be granted any additional change thereafter except for cause or under Rule 51.07." In this action, Defendants Tapia and Rogers filed their Motion to Transfer Venue on August 7, 2024, designating Greene County as the court of competent jurisdiction. Defendant [Empire] likewise, filed its Motion to Transfer Venue on August 7, 2024, designating Greene County as the court of competent jurisdiction. On August 9, 2024, Plaintiff filed its consent to Defendants' requested change of venue to Greene County. Defendants' motions for change of venue were sustained on August 28, 2024. If viewed as a "stipulation" for change of venue (as described by Defendants Tapia and Rogers in their August 20, 2024 correspondence to the previously-assigned judge) no party is entitled to any further change of judge, except where there is cause for a change of judge, by operation of Rule 51.02. If viewed as a change of venue solely upon Defendants' motions for change of venue, Defendants are not entitled to "any additional change," except for cause or under Rule 51.07, and the Defendants' request for and obtaining of

3

a change of venue exhausted their right to a change of judge by operation of Rule 51.06.  See, e.g., State ex rel. Smith v. Journey, 533 S.W.2d 589, 591 (Mo. banc 1976) (holding that "where a member of one of the classes has obtained either a change of venue or a change of judge he has exhausted the right of all members of the class to that change and thereafter none of its members may be granted any additional change, either of venue or judge").  Accordingly, Defendants Tapia's and Rogers's Motion is hereby DENIED.

On September 30, 2024, this Court issued a preliminary writ.  On October 10, 2024, Respondent Judge filed his answer to Relators' writ petition.  In due course, the case was briefed and orally argued and is now ready for final determination by this Court.

**Standard of Review**

This Court has jurisdiction to issue original remedial writs pursuant to article V, section 4.1 of the Missouri Constitution.  "[P]rohibition is an extraordinary remedy which should only be employed in unequivocal cases[.]"  *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. banc 1986); *State ex rel. Bailey v. Sengheiser*, 692 S.W.3d 20, 22 (Mo. banc 2024).  An appellate court has jurisdiction to issue a writ of prohibition:  (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority or jurisdiction or an abuse of discretion where the lower court lacks the power to act as intended; or (3) when a party may suffer irreparable harm if relief is not granted.  *State ex rel. Jones v. Eighmy*, 572 S.W.3d 503, 506 (Mo. banc 2019); *State ex rel. Wrinkle v. Cole*, 697 S.W.3d 850, 854 (Mo. App. 2024).

When a party files a timely application for change of judge, the court may take no action other than to grant the change.  *See State ex rel. Cohen v. Riley*, 994 S.W.2d 546, 547 (Mo. banc 1999); *State ex rel. Hutchinson v. Manansala*, 674 S.W.3d 811, 813 (Mo. App. 2023).  It is well-settled that a writ of prohibition is proper and may issue when a circuit court fails to sustain a properly filed motion for change of judge upon proper

4

application for disqualification.  *See, e.g.*, ***Hutchinson***, 674 S.W.3d at 813; ***State ex rel. Couch v. Stovall-Reid***, 144 S.W.3d 895, 897 (Mo. App. 2004).

## Discussion and Decision

Relators present one point for decision.  They contend this Court should prohibit Respondent Judge from taking any further action in the Greene County case, except to sustain Relators' Rule 51.05 application for a change of judge.  We agree.

We begin our analysis by noting the pivotal problem that started this chain of events.  Midwest Roofing's case was brought in an improper venue.  In Missouri, venue is determined solely by statute.  ***State ex rel. BJC Health Sys. v. Neill***, 121 S.W.3d 528, 529 (Mo. banc 2003).  In relevant part, § 508.010 states:

> Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the acts or conduct alleged in the action.

§ 508.010.4.  Midwest Roofing's petition alleged a theory of recovery concerning tortious interference with business relationships in Count III, and paragraph 5 of the petition alleged that Midwest Roofing was damaged by wrongful conduct of Relators and Empire in Greene County, Missouri.  Accordingly, venue was only proper in Greene County.

In the 1980s, the remedy for improper venue was to dismiss the case without prejudice to the refiling of the action in the proper forum.  *See, e.g.*, ***State ex rel. Bohannon v. Adolf***, 724 S.W.2d 248, 249 n.1 (Mo. App. 1987).  That changed in 1989 when the legislature enacted § 476.410 RSMo Cum. Supp. (1989), which authorized the transfer of a case filed in an improper venue to any circuit in which it could have been brought.  ***Id***.  This transfer process was further refined when our Supreme Court adopted Rule 51.045,

effective January 1, 2001. *Id*.[2] In conjunction with § 476.410, "questions concerning venue are to be raised by motion to transfer to a correct venue under Rule 51.045." *State ex rel. Bugg v. Roper*, 179 S.W.3d 893, 894 (Mo. banc 2005). An action brought in a court where venue is improper shall be transferred to a court where venue is proper pursuant to Rule 51.045, if a motion for such transfer is timely filed. *United Pharmacal Co. of Missouri Inc. v. Missouri Bd. of Pharmacy*, 159 S.W.3d 361, 367 (Mo. banc 2005).

In relevant part, Rule 51.045(a) requires any motion to transfer venue alleging improper venue to be filed within 60 days of service on the party seeking transfer, unless the court extends the time for good cause shown. *Id*. A motion to transfer venue is required to: "(1) Specify one or more counties in which the movant contends venue is proper, and (2) State the basis for venue in each such county." *Id*. Relators' motion to transfer venue was timely filed because each party had been served less than 60 days earlier. Relators' motion also specified that venue was proper in Greene County, pursuant to § 508.010.4.

Once Relators' motion to transfer venue was filed, Midwest Roofing had 30 days to file a reply. *See* Rule 51.045(b). The purpose of the reply is to "state the basis for venue in the forum or state reasons why venue is not proper in one or more counties specified by the movant." Midwest Roofing filed no reply.

Because no reply was filed, the trial court was required to order that the case be transferred to Greene County. *See* Rule 51.045(c) (if no reply is filed, the court shall order transfer to one of the counties specified in the motion); *State ex rel. Vacation Mgmt. Sols., LLC v. Moriarty*, 610 S.W.3d 700, 702 (Mo. banc 2020) (if no Rule 51.045(c) reply is filed, the court shall order transfer to a county specified in the motion); *State ex rel.*

---

[2] Rule 51.045 has been amended four times since its adoption, and the last amendment became effective on January 1, 2012. *Id*.

6

***Heartland Title Servs., Inc. v. Harrell***, 500 S.W.3d 239, 243 (Mo. banc 2016) (when venue is improper, Rule 51.045(c) imposes a ministerial duty upon the trial court to transfer the case to a county where venue is proper); ***State ex rel. USAA Cas. Ins. Co. v. David***, 114 S.W.3d 447, 448 (Mo. App. 2003) (when no reply is filed, the trial court does not have the discretion to deny the motion).

The completion of this prelude brings us to the dispositive issue in the case. Relators argue that:  (1) their Rule 51.05 application for a change of judge was timely; (2) they were entitled to a change of judge as a matter of right; and (3) they were not precluded from obtaining that change of judge by Rule 51.06.  We agree.

In relevant part, Rule 51.05(a) states that "[a] change of judge shall be ordered in any civil action upon the timely filing of a written application therefor by a party. … The application need not allege or prove any cause for such change of judge and need not be verified."  *Id*.  Pursuant to Rule 51.05(b), the application "must be filed within 60 days from service of process or 30 days from the designation of the trial judge, whichever is longer."  *Id*.  Rule 51.05(c) states that "[a] copy of the application and notice of the time when it will be presented to the court shall be served on all parties."  *Id*.  As stated in Rule 51.05(e), "[t]he judge promptly shall sustain a timely application for change of judge upon its presentation[.]"

"Rule 51.05 grants a party the absolute right to disqualify a judge once without cause or any showing of prejudice."  ***State ex rel. Manion v. Elliott***, 305 S.W.3d 462, 464 (Mo. banc 2010); *see also* ***Hutchinson***, 674 S.W.3d at 813; ***Worth v. Roden***, 646 S.W.3d 308, 310 (Mo. App. 2022).  As our Supreme Court explained in ***State ex rel. Dir. of Revenue, State of Mo. v. Scott***, 919 S.W.2d 246 (Mo. banc 1996):

7

Rule 51.05 provides Missouri litigants with the right to one change of judge, if timely exercised. This is a highly prized right which we have liberally granted. It has been described as a right that is "virtually unfettered". Generally, the only defenses to such an application are that it has been filed untimely, it has already been exercised once, or it has been waived by allowing the judge to rule on a substantive matter in the case.

*Id*. at 247-48 (internal citations omitted).

Here, Respondent Judge was designated as the trial judge on August 28, 2024. Relators' application for change of judge was electronically filed on September 17, 2024, which was within 30 days of Respondent Judge's designation. The application was electronically served on all counsel of record by the electronic filing system. Therefore, Relators' application for a change of judge was timely. *See* Rule 51.05(b). This was the only application for change of judge filed by Relators, so that right had not already been exercised. The denial of Relators' application was the first ruling made by Respondent Judge, so Relators did not waive their right to a change of judge by allowing Respondent Judge to rule on a substantive matter in the case.[3]

Respondent Judge decided that Relators were precluded from receiving a Rule 51.05 change of judge by Rule 51.02 or Rule 51.06. After reviewing those two rules, we conclude that neither one barred Relators from receiving their requested change of judge. We will review and discuss each rule in turn.

---

[3] Relators' application for change of judge was not accompanied by the required notice. This omission is not fatal to their application for the following reasons. First, Respondent Judge dispensed with an oral hearing pursuant to Rule 55.30(c) and denied the application the same day it was filed. Second, it is well-settled that "failure to satisfy the notice requirements of Rule 51.05 is not fatal to an application for change of judge where the opponent had an opportunity to contest the application." *Joshi v. Ries*, 330 S.W.3d 512, 515 n.9 (Mo. App. 2010); *see Couch*, 144 S.W.3d at 898; *Atteberry v. Hannibal Regional Hosp.*, 926 S.W.2d 58, 61 (Mo. App. 1996). Respondent Judge denied the application and explained the basis for his ruling. During the writ process, Respondent Judge filed a brief in support of his ruling, which advanced only the Rule 51.06 rationale to sustain the ruling.

*Rule 51.02*

Although this rationale was not included in Respondent Judge's brief, we have decided to discuss it because it provided an alternate rationale for the decision. The first rule cited by Respondent Judge in his order denying Relator's application for change of judge was Rule 51.02, which states:

> If at least thirty days before the trial date of a civil action triable by jury the parties shall file a stipulation agreeing upon removal of the civil action to a designated court of competent jurisdiction, the court shall order it removed to such other court. Thereafter, no change of venue or change of judge shall be granted to any party stipulating to the change except where denial of the change of venue would deprive the moving party of a fair hearing or except where there is cause for a change of judge.

*Id*. Respondent Judge decided that the case was transferred to Greene County by agreement, which precluded Relators from obtaining a change of judge. That rationale lacks merit because venue was not changed by agreement in the case at bar.

Relators utilized Rule 51.045 to remedy a problem not of their making: improper venue. Because their motion to transfer venue was timely and no reply was filed, the Miller County circuit judge was obligated to transfer the case to Greene County and had no discretion to do otherwise. *See, e.g.*, ***State ex rel. Vacation Mgmt. Sols., LLC v. Moriarty***, 610 S.W.3d 700, 702 (Mo. banc 2020) (if no reply is filed, pursuant to Rule 51.045(c), the court shall order transfer to one of the counties specified in the motion). That outcome inexorably followed from the procedure used, so no agreement, stipulation or consent was required to effectuate the transfer. Thus, the "consent" given by Midwest Roofing's counsel was meaningless, and the language used in the letter sent to the Miller County circuit judge did not correctly describe what was happening. Accordingly, Rule 51.02 does not apply and provides no support for the denial of Relators' application for change of judge.

*Rule 51.06*

The second rule cited by Respondent Judge in the order denying Relators' application was Rule 51.06. Subsection (a) of this rule states:

> If a party requests and obtains either a change of venue or a change of judge, that party shall not be granted any additional change thereafter except for cause or under Rule 51.07. A party who desires both a change of venue and change of judge must join and present both in a single application provided the trial judge has been designated.

Rule 51.06(a). Here, Relators filed, in the Circuit Court of Miller County, a Rule 51.045 motion to transfer venue to the only proper venue for the action. They did not file an application for a change of judge there.

Respondent Judge, however, decided that Rule 51.06 should be interpreted to mean that Relators exhausted their right to a change of judge by filing the Rule 51.045 motion to transfer venue. In Respondent Judge's brief, he contends the outcome of this writ proceeding is controlled by the decision in **State ex rel. Universal Credit Acceptance, Inc. v. Reno**, 601 S.W.3d 546 (Mo. banc 2020). We disagree.

It is settled law that a judicial decision must be construed with reference to the facts and issues of the particular case, and the authority of the decision as precedent is limited to those points of law which are raised by the record, considered by the court, and necessary to the decision. **State ex rel. Tivol Plaza, Inc. v. Missouri Comm'n on Hum. Rts.**, 527 S.W.3d 837, 845 (Mo. banc 2017); **Byrne & Jones Enters. v. Monroe City R-1 Sch. Dist.**, 493 S.W.3d 847, 855 (Mo. banc 2016). We bear this principle in mind as we examine the facts and holding in **Universal Credit**. As summarized by our Supreme Court:

> [Defendant] Ware filed an application for change of judge in April 2017. The circuit court sustained the application and appointed a new judge to the case on the same day. More than a week later, Ware filed a motion to change the venue to St. Louis County. [Plaintiff Universal Credit] filed a response, arguing Ware waived the right to file a motion to change venue

10

because he had not consolidated that motion with his prior application for change of judge as required by Rule 51.06(a). Following a hearing in April 2019, the circuit court sustained Ware's motion to change venue and transferred the case to St. Louis County. [Universal Credit] filed a petition for a writ of mandamus in the court of appeals, seeking to compel the circuit court to transfer this case back to St. Charles County, again arguing that, pursuant to Rule 51.06(a), Ware waived the right to file a motion to change venue because it was not consolidated with his application for change of judge.

*Universal Credit*, 601 S.W.3d at 547-48.[4]

After the court of appeals denied the writ petition, our Supreme Court issued a preliminary writ. The Supreme Court described the case as presenting "the question whether, pursuant to Rule 51.06(a), the circuit court had the authority to sustain Ware's motion and transfer the case to St. Louis County when Ware did not file the motion to change venue with his previously sustained application for change of judge." *Universal Credit*, 601 S.W.3d at 548. The Supreme Court then quoted Rule 51.06(a) and italicized this portion: "*A party who desires both a change of venue and a change of judge must join and present both in a single application.*" *Id*.; *Universal Credit*, 601 S.W.3d at 548. Therefore, the decision was based upon the specific language in the second sentence of Rule 51.06(a). The Supreme Court held that, "[b]ecause Ware failed to file his motion to change venue with his previously filed application for change of judge, his motion to

---

[4] Respondent Judge has filed a copy of the motion to change venue, purportedly from the case record in *Universal Credit*, to show that said motion was based on Rule 51.045. We have not reviewed that exhibit, and we cannot use it to change the precedential value of that case based on matters not specifically discussed therein. A court speaks only through its records, so we cannot look to supplementary material outside the language of the Supreme Court's opinion itself. To do so could confer on the opinion a precedential effect different from its precedential effect for everyone else who read only the opinion. *See Meyers v. S. Builders, Inc.*, 7 S.W.3d 507, 511 n.6 (Mo. App. 1999). That said, the *Universal Credit* opinion is clear that what defendant Ware filed was a motion to transfer due to improper venue because the Court discussed § 508.010.10, which applies to that specific type of venue motion.

11

change venue was improper under Rule 51.06(a)." *Universal Credit*, 601 S.W.3d at 549. Thus, the holding in *Universal Credit* is that, if an application for change of judge is filed, any application or motion relating to venue must be filed simultaneously or it is waived. In so holding, our Supreme Court appears to have interpreted the phrase "change of venue" in the second sentence of Rule 51.06(a) to include a motion to transfer because of improper venue. *See Universal Credit*, 601 S.W.3d at 549. Because Relators did not file an application for change of judge in the Circuit Court of Miller County, *Universal Credit* is factually distinguishable and does not control the outcome of this writ proceeding.

The second sentence of Rule 51.06(a) does apply here, although not in the way argued by Respondent Judge. This sentence states that "[a] party who desires both a change of venue and change of judge must join and present both in a single application *provided the trial judge has been designated*." Rule 51.06(a) (italics added). Midwest Roofing filed its petition in the Circuit Court of Miller County, which was the wrong venue. The only correct venue was Greene County, and the Miller County circuit judge had no discretion to do anything other than transfer the case from the 26th Judicial Circuit to the 31st Judicial Circuit. Relators did not file an application for change of judge in Miller County. Because the case was being transferred out of the circuit, a new trial judge would have to be designated in Greene County. *See* Rule 51.14(a) (following a change of venue, for any reason, to a county outside the circuit from which venue was changed, the case shall be handled by a judge regularly appointed to hear cases in the new circuit). Respondent Judge was not designated as the trial judge until after the case had been transferred from Miller County to Greene County. Because the trial judge was not designated when Relators filed their Rule 51.045 motion to transfer venue, the second sentence of Rule 51.06(a) does not

12

bar Relators from obtaining a change of judge as a matter of right, which is highly prized and liberally granted. *See **Dir. of Revenue***, 919 S.W.2d at 247-48.

Relying on ***Unversal Credit***, Respondent Judge argues that the phrase "change of venue" in the first sentence of Rule 51.06(a) must include a motion to transfer for improper venue. According to Respondent Judge, this would bar Relators' application for change of judge. We disagree.

The first sentence of Rule 51.06(a) states that, "[i]f a party requests and obtains either a change of venue or a change of judge, that party shall not be granted any additional change thereafter except for cause or under Rule 51.07." If a motion to "transfer" venue is included in the meaning of "change of venue" in the first sentence of Rule 51.06(a), that would mean any application for change of venue pursuant to Rule 51.03 would be barred. The express language of Rule 51.045(d), however, prohibits this interpretation. Subsection (d) states:

> A request for transfer of venue under this Rule 51.045 shall not deprive a party of the right to a change of venue under Rule 51.03 if the civil action is transferred to a county having 75,000 or fewer inhabitants. A party seeking a change of venue under Rule 51.03, after transfer of venue pursuant to this Rule 51.045, shall make application therefor within the later of:
>
> (1) The time allowed by Rule 51.03, or
>
> (2) Ten days of being served with notice of the docketing of the civil action in the transferee court as provided by Rule 51.10.

Rule 51.045(d). This subsection makes it abundantly clear that a request for "transfer" of venue is not the same thing as a "change" of venue. In drafting Rule 51.045(d), our Supreme Court carefully distinguished a Rule 51.045 transfer due to improper venue from a Rule 51.03 change of venue. Accordingly, these two procedures are not the same. Thus, Rule 51.045(d) makes it clear that filing a motion for transfer of venue is not the same thing

13

as a Rule 51.03 application for a change of venue and does not exhaust a party's right to another change of venue pursuant to the latter rule. Therefore, Relators' Rule 51.045 motion to transfer for improper venue is not a "change of venue" within the meaning of the first sentence in Rule 51.06(a).

In conclusion, the reasons given by Respondent Judge for denying Relators' application for change of judge lack merit. Accordingly, we make permanent our preliminary writ and prohibit him from taking any further action in this case, except to order the mandatory change of judge.

JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

JENNIFER R. GROWCOCK, C.J. – CONCUR