Glen BAUGUS, d/b/a Glen's Auto Sales, et al., Appellants,

v.

DIRECTOR OF REVENUE, State of Missouri, et al., Respondents.

No. 76631.

Supreme Court of Missouri, En Banc.

June 21, 1994.

John Landwehr, Jefferson City, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Edward R. Ardini, Jr., Norman E. Siegel, Asst. Attys. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondents.

HOLSTEIN, Judge.

Each of the plaintiffs is an independent used car dealer. They sued the Missouri Department of Revenue seeking to have § 1 of Senate Bill (S.B.) 35, enacted by the General Assembly in the 1993 regular session, declared unconstitutional due to its vagueness and seeking a declaration that the department of revenue's announced method of implementing S.B. 35 was void due to a failure to follow steps for promulgation of a rule under Chapter 536, RSMo. In addition, the plaintiffs sought injunctive relief. The trial court denied all relief. Because the constitutionality of a statute is at issue, this Court has jurisdiction of the appeal. *Mo. Const. art. V, § 3.* Affirmed.

## I.

Section 1 of S.B. 35 provides:

The motor vehicle commission may review all title designations. Any designation described in § 301.190, or 301.227, RSMo, placed on a certificate of ownership or certificate of title issued pursuant to § 301.190 or 301.227, RSMo, shall remain on the certificate of ownership of title and any and all subsequent certificates of ownership or title issued for that vehicle shall carry such designation on the face of such certificate of ownership or title.

The title designations found in § 301.190.3, RSMo, include "Reconstructed Motor Vehicle", "Motor Change Vehicle", "Specially Constructed Motor Vehicle", and "Non–USA–Std Motor Vehicle", as defined in section 301.010. Section 301.227, RSMo, does not use the word "designate," but that section authorizes the director of revenue to, under appropriate circumstances, issue a title denominated a "salvage" certificate of title.

Following the enactment of S.B. 35, the director of revenue announced her intent to affix the label "prior salvage" to all titles issued subsequent to a salvage certificate of title with regard to a vehicle.

## II.

■ The plaintiffs first argue that § 1 of S.B. 35 is void for vagueness. The complaint is made that S.B. 35 supplies no standards to help the agency locate or formulate designations described in § 301.227, and the department of revenue is left to guess at what designation should be used. The argument is plainly at odds with the language of the statute. Section 1 of S.B. 35 unequivocally requires that once a title designation described in § 301.227, that is, a "salvage" certificate of title, has been issued with regard to a vehicle, that all subsequent titles issued for that particular vehicle must carry that designation.

■ The void-for-vagueness doctrine reflects the principle that a statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must guess at its meaning and differ as to its application violates the first essential of due process of law. *Roberts v. United States Jaycees,* 468 U.S. 609, 629, 104 S.Ct. 3244, 3255, 82 L.Ed.2d 462 (1984). The vagueness doctrine assures that guidance, through explicit standards, will be afforded to those who must apply the statute avoiding possible arbitrary and discriminatory application. *State ex rel. Mo. State Board of Registration for Healing Arts v. Southworth,* 704 S.W.2d 219, 223 (Mo. banc 1986). A statute giving an administrative agency the specific duty to "review" title designations and to place historical information regarding the vehicle title on each subsequent issuance of the title, including a notation that the vehicle was issued a "salvage" certificate of title, is not so imprecise and uncertain a duty as to render the statute void for vagueness.

## III.

■ The plaintiffs' second argument is somewhat related to the first. They argue that the department of revenue's proposal to use the phrase "prior salvage" on titles sub-sequent to a salvage title is arbitrary, capricious and unreasonable and in excess of the statutory authority granted. Plaintiffs contend that although § 301.227, RSMo Supp. 1993, authorizes salvage certificates of title, the salvage certificate of title is not a "designation" as referred to in S.B. 35. They argue that title designations appear only in § 301.190, RSMo Supp.1993. Not only is such a reading of S.B. 35 contrary to its plain and ordinary meaning, such reading renders S.B. 35 superfluous. Section 301.190.3, RSMo Supp.1993, already requires that the director "appropriately designate on the current and all subsequent issues of the certificate" the words " 'Reconstructed Motor Vehicle', 'Motor Change Vehicle', 'Specially Constructed Motor Vehicle', or 'Non–USA–Std Motor Vehicle ...' " Legislative changes should not be construed as useless acts unless no other conclusion is possible. *Mo. State Board of Registration for Healing Arts v. Southworth,* 704 S.W.2d 219, 225 (Mo. banc 1986). No presumption will be indulged that the legislature intended to perform a futile act by enacting S.B. 35.

Plaintiffs also argue that the legislature only intended to refer to "junking certificates," also provided for in § 301.227, RSMo. Thus, they claim that only vehicles that had previously been the subject of a junking certificate must have that fact included in subsequent title designations. Had the legislature so intended, the statute would have been limited, but it was not. S.B. 35 extends to *any* title designation described in § 301.227.

■ Based on the plaintiffs' strained and narrow reading of S.B. 35, they make an associated claim that the addition of the word "prior" as a modifier of "salvage" as a title designation is capricious and unreasonable. While the statute does not specifically authorize the use of the word "prior," it plainly requires that once a salvage title is issued, that subsequent titles issued relating to that vehicle carry the salvage designation on the title. The purpose of the statute is to inform subsequent purchasers of the vehicle regarding the title history. Nothing suggests that the addition of the word "prior" in any way impacts the seller or buyer in a manner differently than if the mandatory designation

"salvage" appeared without a modifier. Considering the plain wording of S.B. 35 and the purposes for which the statute was enacted, a title designation of "prior salvage" is accurate, discloses the title history and is not capricious or unreasonable.

## IV.

 The final claim is that the department of revenue's proposed action to implement S.B. 35 is void because it constitutes a rule, and the appropriate steps for promulgation of a rule set forth in Chapter 536, RSMo, have not been complied with. Section 536.-010(4), RSMo1986, defines "rule" as follows:

> Rule means each agency statement of general applicability that implements, interprets or prescribes law or policy or that describes the organization, procedure or practice requirements of an agency [subject to certain exceptions] . . .

To be valid, rules must be promulgated according to the rulemaking procedures set out in §§ 536.021 and 536.025, RSMo1986. *NME Hospitals, Inc. v. Dept. of Social Services,* 850 S.W.2d 71, 74 (Mo. banc 1993).

Not every generally applicable statement or "announcement" of intent by a state agency is a rule. Implicit in the concept of the word "rule" is that the agency declaration has a potential, however slight, of impacting the substantive or procedural rights of some member of the public. Rule-making, by its nature, involves an agency statement that affects the rights of individuals in the abstract. Bonfield, *State Administrative Rule Making,* § 3.3.1 (1986).

Without the necessity of any rule, S.B. 35 plainly mandates that the designation "salvage" appear on subsequent certificates of title once such title has been issued regarding a vehicle. Before enactment of S.B. 35, the word "salvage" only appeared on one type of title. That title designation was subject to the limitation that it could only be negotiated to a dealer, and such title was not acceptable for registration of a vehicle. *§ 301.217(2), RSMo Supp.1993.* After enactment of S.B. 35, the title designation "salvage" must appear on a second type of title, that is, a freely negotiable title that is acceptable for registration where the vehicle had

previously been issued a salvage title. If the strict language of S.B. 35 were employed, the second type of title would state, "Certificate of title issued subsequent to a title described in § 301.227, RSMo, known as a salvage certificate of title." To abbreviate such title designation and use the word "prior" before the mandatory "salvage" designation does not implement, interpret, or prescribe law or policy. The word merely communicates the difference between the two types of title. It does not substantially affect the legal rights of any party. Therefore, the director's announcement of her intent to place the word "prior" before the word "salvage" is not a rule.

The judgment is affirmed.

All concur.