R.E.J., INC., a Missouri Corporation, Appellant,

v.

CITY OF SIKESTON, Respondent,

and

Greers Grove Development, LP, Intervenor.

No. SC 85711.

Supreme Court of Missouri, En Banc.

Sept. 7, 2004.

James E. Mello, Jeffery T. McPherson, Russell C. Riggan, Thomas B. Weaver, Armstrong Teasdale LLP, St. Louis, for appellant.

James R. Robison, Sikeston, John L. Oliver, Cape Girardeau, for respondent.

WILLIAM RAY PRICE, JR., Judge.

## I.

R.E.J., Inc., filed a three-count petition against the City of Sikeston requesting the trial court to declare that a zoning ordinance passed by the city council was void and unenforceable, to enter an injunction preventing the enforcement of that ordinance, to award it costs and attorney fees, and to order additional relief as the court deemed proper. R.E.J. owns property adjacent to property owned by Greers Grove Development. Greers successfully petitioned the trial court to intervene into R.E.J.'s suit as Greers had requested the ordinance to reclassify its real property for possible development.

Before the case was tried, the city repealed the ordinance and then filed a motion to dismiss R.E.J.'s petition as moot. The trial court sustained the motion, and R.E.J. appeals. The judgment is reversed, and the cause is remanded.

## II.

R.E.J. argues that the trial court erred in dismissing its lawsuit as moot for two reasons. First, its claim for attorney fees and expenses was not ruled upon. Second, it was entitled to a judgment declaring the ordinance "void and unenforceable" because the city violated section 610.020,

RSMo 2000,[1] when enacting the ordinance and because section 610.027.4 provides that "a court shall void any action taken in violation of section 610.010 to 610.026."

The city responds that R.E.J. had not pleaded a viable case for attorney fees because it omitted the "purposely" element of section 610.027.3 [2] from its petition. Although R.E.J. attempted to amend its petition to include this element, the city argues that the statute of limitations had run [3] and, regardless, that the trial court was within its discretion in overruling the motion to amend. The Court does not address these issues because the case can be resolved more readily upon the issue of whether R.E.J. was entitled to a determination of whether the ordinance was "void and unenforceable."

### III.

Paragraph 21 of R.E.J.'s petition provides:

Section 610.020 ... (the Sunshine Law) creates specific requirements for public notice and minutes to be kept of public proceedings. The City of Sikeston violated the Sunshine Law in at least the following respects:

a. it gave no notice of any meeting for the purpose of amending Exhibit D, Exhibit F, or Exhibit G.

b. it kept no minutes of any meeting for the purpose of amending Exhibit D, Exhibit F, or Exhibit G; and

c. it kept no record of any votes taken for the purpose of amending Exhibit D, Exhibit F, or Exhibit G; and

d. it kept no record of any votes taken for the purpose of passing Exhibit F or Exhibit G.

Exhibits D, F, and G are variations of the disputed ordinance. In its prayer for relief concluding this count, R.E.J.'s petition prayed for the court "to declare that [o]rdinance 5405 is void and unenforceable."

### IV.

The question before the Court is whether a plaintiff in a Sunshine Law case seeking that an ordinance be declared void and unenforceable is satisfied if the ordinance is repealed. There is no Missouri case or statute that is directly on point; however, related authority leaves no doubt as to the answer.

Black's defines "repeal" as the "abrogation or annulling of a previously existing law," and it means to "revoke, abolish, annul, to rescind or abrogate by authority." Black's Law Dictionary 1299 (6th ed. 1990). In contrast, something that is void is "[n]ull; ineffectual; nugatory; having no legal force or binding effect ...; [a]n instrument or transaction which is wholly ineffective, inoperative, and incapable of ratification and which thus has no force or effect so that nothing can cure it." Id. at 1573. The difference is clear: a valid ordinance can establish enforceable rights and obligations. Once repealed, although the statute becomes prospectively ineffective, its previous effect is not necessarily invali-

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

2. Section 610.027.3 requires a claimant to establish by a preponderance of the evidence that a "public governmental body ... has purposely violated sections 610.010 to 610.027" before a trial court "may order the payment by such body ... of all costs and reasonable attorney fees to any party success-

fully establishing a violation" of those sections.

3. Section 610.027.4 provides that "[s]uit for enforcement must be brought within one year from which the violation is ascertainable and in no event shall it be brought later than two years after the violation."

dated. However, to declare a statute "void" means that it never had the authority to create any legal rights or responsibilities whatsoever.

The repeal of ordinance 5405 did not render R.E.J.'s Sunshine Law claim moot insofar as the repeal did not bestow R.E.J. with the relief sought and authorized pursuant to the statute. The trial court erred in granting the city's motion to dismiss.

### V.

The judgment is reversed, and the cause is remanded.

WHITE, C.J., WOLFF, STITH and TEITELMAN, JJ., and HOWARD, Sp.J., concur.

LIMBAUGH, J., not participating.