**UNITED PHARMACAL COMPANY OF MISSOURI INC.,**
**Respondent,**

v.

**MISSOURI BOARD OF PHARMACY,**
**Appellant.**

**No. SC 86104.**

Supreme Court of Missouri,
En Banc.

April 5, 2005.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, MO, for Appellant.

R. Todd Ehlert, R. Dan Boulware, Sharon Kennedy, St. Joseph, MO, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

United Pharmacal Company of Missouri brought suit in Buchanan County for declaratory judgment against the Missouri Board of Pharmacy claiming jurisdiction under section 536.050, RSMo 2000,[1] which allows suit to be brought in the county where plaintiff resides if the suit concerns an administrative rule. The trial court granted summary judgment on the merits for Pharmacal. After opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10. The state claims that venue was only proper in Cole County under the general venue statute, section 508.010(1). The judgment is reversed, and the case is remanded because the facts pleaded concern statutory violations, which cannot support venue in Buchanan County.

## I. Background

Pharmacal is a St. Joseph, Missouri, business selling animal supplies. It has been in business for twenty years and sells federal "veterinary legend" drugs to animal owners with a veterinarian's prescription. The board of pharmacy is a part of the Missouri Division of Professional Registration and is in charge of pharmacy licensing for the state. Secs. 338.140, 620.010.14. The board maintains its offices in Jefferson City.

The board issued a cease-and-desist letter on June 21, 2001, demanding that Pharmacal stop selling animal drugs without a pharmacy license. The cease-and-desist letter stated "[s]pecifically, it is the Board's determination that the following Laws and/or rules are being violated." The letter then listed sections 338.010.1, 338.220, and 338.195 including the text of each statute. It listed no rules as authority. The board claims that it has statutory authority over animal drugs prescribed by veterinarians as well as human medicines. Pharmacal denies that the board has any authority over animal drugs.

Pharmacal claims that the cease-and-desist letter was issued pursuant to an agency rule posted as a frequently asked question (FAQ) on the board's website. Sometime in 2001, the board of pharmacy's website displayed a number of FAQs. One of them, which is no longer displayed on the website, reads as follows:

### Missouri

### Board of Pharmacy

### Division of Professional Registration

### Frequently Asked Questions—General Pharmacy Law

. . . .

8. Does an entity have to be licensed as a pharmacy to sell veterinary legend drugs to the consumer/owner of the animal(s)? Yes. Veterinary legend drugs may only be sold based on the order/prescription of a veterinarian. An entity may not sell veterinary legend drugs directly to the consumer (owner of animal) based on a prescription without being licensed as a pharmacy.

If an entity sells veterinary legend drugs to veterinarians or other wholesalers, the entity would have to be licensed as either a pharmacy or a drug distributor. Pharmacies are limited to 5% of

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

their gross pharmaceutical sales before licensure as a drug distributor is required. State law allows a licensed veterinarian to dispense veterinary prescription drugs to clients with whom he has an established relationship.

The board denies that the FAQ was a rule. The board did not comply with the rulemaking requirements of section 536.021 concerning this FAQ.

Pharmacal brought this action for declaratory judgment stating in its petition:

> 22. On information and belief, in 2001, the Board of Pharmacy adopted a rule, applicable to *all* sellers of federal veterinary legend drugs to consumers, requiring those entities to have licensed pharmacists present when such sales take place and to obtain a license to operate a pharmacy to conduct such sales.
>
> . . . .
>
> 28. The Board of Pharmacy's rules requiring sellers of federal veterinary legend drugs to consumers to comply with licensure and regulatory requirements as a licensed pharmacy and to have a licensed pharmacist on duty when such sales take place fall outside of the delegation of authority to the Board of Pharmacy by the General Assembly, and were promulgated without notice and hearing. Said rules are, therefore, unlawful, illegal and void under the applicable statutory provisions and all other pertinent law.

The board of pharmacy was the only defendant named in the declaratory judgment suit.

## II. The Venue Statutes

■ This Court has held that "when a state agency is the sole defendant, [s]ection 508.010(1) [2] ... requires that the action be brought in Cole County unless a special venue statute allows the action to be filed elsewhere." *State ex rel. Mo. Dept. of Natural Res. v. Roper*, 824 S.W.2d 901, 903 (Mo. banc 1992). Alternate venue may be available pursuant to section 536.050.1. That section provides:

> The power of the courts of this state to render declaratory judgments shall extend to *declaratory judgments respecting the validity of rules, or of threatened applications thereof*, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented. The venue of such suits against agencies shall, at the option of the plaintiff, be in the circuit court of Cole County, or in the county of the plaintiff's residence, or if the plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office.

Sec. 536.050.1 (emphasis added). Pharmacal claims that this statute provided it with venue in Buchanan County, where its business office is located. The state claims that the venue for this case was improper in Buchanan County. Unfortunately, after judgment by the circuit court and opinion

---

**2.** Section 508.010 is the general venue statute for Missouri. It states: "Suits instituted by summons shall ... be brought: (1) ... either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found...." Sec. 508.010. As an executive agency, the board of pharmacy, part of the

Missouri Division of Professional Registration has its offices in Jefferson City, Cole County. Mo. Const. art. IV, sec. 20. The board of pharmacy maintains its registered offices in Jefferson City and cannot be "found" in Buchanan County. Therefore, the general venue statute requires that suit, where only the board is sued, be brought in Cole County.

by the court of appeals, this Court agrees because this case does not concern an administrative rule or the validity or threatened application of a rule.

## A. The FAQ was not a rule

■ Administrative rules have independent power as law. *Psychare Mgmt., Inc. v. Dept. of Soc. Serv. Div. of Med. Serv.,* 980 S.W.2d 311, 313–14 (Mo. banc 1998). For this reason, specific and detailed protective procedures are required for an agency to promulgate an administrative rule. In *St. Louis Christian Home v. Missouri Commission on Human Rights,* 634 S.W.2d 508, 515 (Mo.App.1982), the court observed:

> The very purpose of the notice procedure for a proposed rule is to allow opportunity for comment by supporters or opponents of the measure, and so to induce a modification.... To neglect the notice ... or to give effect to a proposed rule before the time for comment has run ... undermines the integrity of the procedure.

■ Section 536.010(6) defines the substantive requirements of a rule as follows: " 'Rule' means each agency statement of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency." [3] However, "[o]nly rules promulgated by an administrative agency with properly delegated authority have the force and effect of law." *Psychare Mgmt., Inc.,* 980 S.W.2d at 313–14; *see Mo. Soybean Ass'n v. Mo. Clean Water Comm'n,* 102 S.W.3d 10, 22–23 (Mo. banc 2003). Section 536.021 provides these promulgation requirements. "No rule shall hereafter be proposed, adopted, amended or rescinded by any state agency unless such agency shall first file with the secretary of state a notice of proposed rulemaking and a subsequent final order of rulemaking, both of which shall be published in the Missouri Register by the secretary of state as soon as practicable after the filing thereof in that office...." Sec. 536.021.

This Court has held that "[f]ailure to follow rulemaking procedures renders void purported changes in statewide policy." *NME Hosps. Inc. v. Dept. of Soc. Serv.,* 850 S.W.2d 71, 74–75 (Mo. banc 1993). This Court has further held that "something that is void is null; ineffectual; nugatory; having no legal force or binding effect ...; an instrument or transaction which is wholly ineffective, inoperative, and incapable of ratification and which thus has no force or effect so that nothing can cure it." *R.E.J., Inc. v. City of Sikeston,* 142 S.W.3d 744, 745 (Mo. banc 2004) (citation omitted).

■ Not everything that is written or published by an agency constitutes an administrative rule. In this case, the board made no attempt to comply with the protective procedures required for the promulgation of a rule. In fact, the agency did not even try to promulgate the FAQ as a rule. Pharmacal's claim of venue pursuant to section 536.050.1 must fail because the FAQ was not an administrative rule and, as such, there is no challenge to the validity of a rule or to a threatened application of a rule. The FAQ was merely an expression of the board's interpretation of law without any force or legal effect.

---

**3.** It has been noted that "MAPA's definition of a 'rule' is of little assistance because it is 'broad enough to encompass virtually any statement an agency might make in any context.' " Christopher R. Pieper, Note, *No Harm, No Rule: The Muddy Waters of Agency Policy Statements and Judicial Review Under the Missouri Administrative Procedure Act,* 69 Mo. L.Rev. 731, 738–39 (2004) (citations omitted).

## B. A challenge to "validity" requires at least a promulgated rule.

Pharmacal continues its argument by claiming that section 536.050.1 provides venue because it is challenging the validity of this FAQ as an administrative rule. Section 536.014 provides circumstances in which a rule could be invalid. It states that:

> No department, agency, commission or board rule shall be *valid* in the event that: (1) There is an absence of statutory authority for the rule or any portion thereof; or (2) The rule is in conflict with state law; or (3) The rule is so arbitrary and capricious as to create such substantial inequity as to be unreasonably burdensome on persons affected.

Sec. 536.014 (emphasis added). Section 536.024 provides: "When the general assembly authorizes any state agency to adopt administrative rules or regulations, the granting of such rulemaking authority and the *validity* of such rules and regulations is contingent upon the agency complying with the provisions of this section in promulgating such rules ...." (emphasis added).

The question of validity, however, presupposes the existence of a promulgated rule, or at least, a rule that purports to have been promulgated. Section 536.053 links standing to a promulgated rule. Section 536.053 provides that "[a]ny person who is or may be aggrieved by any rule *promulgated* by a state agency shall have standing to challenge any rule *promulgated* by a state agency and may bring such an action pursuant to the provisions of section 536.050." Sec. 536.053 (emphasis added).

In this case there was no attempt by the board to promulgate this FAQ as a rule. Without promulgation of an administrative rule, section 536.050.1 cannot support venue to dispute the validity of a rule. There simply cannot be a suit regarding an administrative rule's statutory authority, conflict with state law, or arbitrary and capriciousness when there was never a rule promulgated or an attempt to promulgate a rule. Secs. 536.014, 536.024.

## C. This case also did not involve the threatened application of a rule.

Section 536.050.1 also provides a choice of venue for declaratory judgment actions "respecting ... threatened applications" of rules. The cease-and-desist letter sent to Pharmacal by the board stated "[s]pecifically, it is the Board's determination that the following Laws and/or rules are being violated" The letter then listed sections 338.010.1, 338.220, and 338.195 including the text of each statute. It listed no rule as a source for its action.

Half a century ago, this Court considered the venue provision of section 536.050 in nearly the same type of situation presented here. *State ex rel. Toberman v. Cook*, 365 Mo. 274, 281 S.W.2d 777, 780 (Mo. banc 1955). In that case, plaintiff tried to create venue by merely alleging that it concerned a rule dispute. *Id.* But this Court said:

> Our only concern is whether the petition states or can be amended to state a cause of action that gives rise to the special venue provisions of [section] 536.050. If the facts pleaded in the petition show that they do not and cannot present a justiciable issue as to the validity of a rule or rules (promulgated by relators as administrative agencies) or of the threatened applications thereof by them within the meaning and fair intendment of the so-called Administrative Procedure and Review Act, then venue of said action does not lie ... [outside Cole] County. In other words,

the plaintiffs in said action may not by mere allegation in their petition that venue lies ... [outside Cole] County under [section] 536.050 subject relators to the special (and onerous) venue provisions thereof.

*Id.* (parentheticals in original). This holding has not changed.

█ Pharmacal cannot generate venue under section 536.050.1 "by mere allegation" that the board's letter was sent pursuant to an administrative rule. It must plead and establish specific facts that a promulgated rule was the basis of the board's action. The specific authority relied upon by the board for its action here, however, was not a rule, but a state statute. Pharmacal has pleaded no facts that show that the threatened action against it was pursuant to any promulgated rule. Section 536.050.1 cannot provide venue in the absence of an application of a rule or on the mere allegation of such an application.

### III. Conclusion

█ "Venue is determined solely by statute." *State ex rel. BJC Health Sys. v. Neill,* 121 S.W.3d 528, 529 (Mo. banc 2003). "An action brought in a court where venue is improper shall be transferred to a court where venue is proper if a motion for such transfer is timely filed." Rule 51.045. Accordingly, the judgment is reversed and the case is remanded to the Circuit Court of Buchanan County, which is instructed to transfer to the Circuit Court for Cole County. Sec. 508.010; *State ex rel. Mo. Dept. of Natural Res. v. Roper,* 824 S.W.2d 901, 903–04 (Mo. banc 1992).

WOLF, STITH, and RUSSELL, JJ., concur.

WHITE, C.J., concurs in separate opinion filed.

TEITELMAN and LIMBAUGH, JJ., concur in opinion of WHITE, C.J.

RONNIE L. WHITE, Chief Justice, concurring.

I concur with the principal opinion's determination that United Pharmacal Company of Missouri, Inc. (Pharmacal) lacked standing to pursue its claim challenging the validity of the Missouri Board of Pharmacy's (Board) rule. I write separately because the principal opinion's analysis strays from what the legislature has clearly defined as being an administrative rule, and it blurs the distinction between the proper forums for challenges to the rule-making process.

Section 536.053 provides that: "Any person **who is or may be aggrieved** by any rule promulgated by a state agency shall have standing to challenge any rule promulgated by a state agency and may bring such an action pursuant to the provisions of section 536.050." The standing statute allows a party to bring a court action any time it is "or may be aggrieved by" any **promulgated, or procedurally valid, rule.** No threatened enforcement action is required by an agency for an entity to have standing to initiate a lawsuit. All that is required is that an entity **might** be aggrieved by a **promulgated rule.** The standing issue in this case hinges totally on whether there was a promulgated rule that could aggrieve Pharmacal.

"Agency rulemaking occurs with the formulation, or repeal, of a 'statement of general applicability that implements, interprets or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency.' "[1]

---

1. *Greenbriar Hills Country Club v. Director of Revenue,* 47 S.W.3d 346, 357 (Mo. banc 2001); Section 536.010(6).

The Board's statement in its FAQ meets the statutory definition of a rule because it interprets and prescribes law or policy, and application of this _rule_ would impact the "substantive or procedural rights" of the public.[2] The Board's newly created and announced policy of treating a business selling veterinary "legend drugs" as a "pharmacy" confirms the Board's intention to change its statewide policy.[3]

It is not the act of promulgation; however, that converts an agency statement into a rule, rather it is the act of promulgation that conveys procedural validity to the rule allowing an agency to propose, adopt, amend or rescind it.[4] The principal opinion errs when it holds that the Board's rule was void _ab initio_ for not having been

promulgated. Once a rule is formulated it requires a judicial or quasi-judicial declaration to render it void or invalid.[5]

The Board's FAQ statement is a rule, albeit a procedurally invalid one because it was not properly promulgated pursuant to sections 536.021 and 536.024. However, because the rule was not promulgated, Pharmacal lacked standing to bring its action to the circuit court pursuant to section 536.053. The proper forum for a challenge to a rule's procedural validity for not having been promulgated is the Administrative Hearing Commission, whereas a challenge to a rule's substantive validity, deciding legal rights, is a judicial function.[6] The trial court erred in this case by not dismissing Pharmacal's claim concerning

---

**2.** Section 536.010(6); _Baugus v. Director of Revenue_, 878 S.W.2d 39, 42 (Mo. banc 1994). "Changes in statewide policy are rules." _NME Hospitals, Inc. v. Department of Social Services_, 850 S.W.2d 71, 74 (Mo. banc 1993).

**3.** The fact that the FAQ was in a question and answer format is irrelevant. _See Univ. of Iowa Hosp. & Clinics v. Shalala_, 180 F.3d 943, 951 (8th Cir.1999).

**4.** Section 338.350. Nowhere in the statutory definition of a rule, section 536.010(6), is the requirement that it be promulgated. Section 536.014 defines the scope of substantive validity challenges to rules. The general assembly made a determination that procedural challenges to rule _adoption could and should be_ initially made administratively. Once a rule is validly adopted procedurally, its substantive validity is only subject to challenge in court. This is why the administrative exhaustion exception was re-enacted in section 536.050.2 in 1996. See the history of section 536.050 in _Kansas Ass'n of Private Investigators v. Mulvihill_, 35 S.W.3d 425, 432 (FNs 10–13)(Mo.App.W.D.2000). See also _State Tax Comm'n v. Administrative Hearing Comm'n_, 641 S.W.2d 69, 75–77 (Mo. banc 1982). See also section 536.021 specifically addressing the availability of attorneys fees when proce-

dural validity challenges are raised with the AHC.

**5.** _NME_, 850 S.W.2d at 74 (Mo. banc 1993); _R.E.J., Inc. v. City of Sikeston_, 142 S.W.3d 744, 745–46 (Mo. banc 2004). See also footnote 6.

**6.** Sections 338.055, 338.140, 338.350, 536.010(4), 536.021, 536.024, 536.041, 536.050.2(1), 536.063, 621.045; _Missouri Board of Pharmacy v. John M. Finney_, 2001 WL 34064270, Mo. Admin. Hrg. Comm., 00–0899 PH (Aug. 29 2001); _Missouri Board of Pharmacy v. Sylvan Cohen_, 2000 WL 33965955, Mo. Admin. Hrg. Comm., 98–2093 PH (Mar. 22 2000). The Administrative Hearing Commission decides procedural validity challenges to rules on a routine basis. See _St. Anthony's Medical Center v. Dept. of Social Services, Div. Of Medical Services_, 2004 WL 1109578, Mo. Admin. Hrg. Comm., 3–0661 SP (Apr. 6, 2004); _Charlotte V. Ijei, LPC v. Dept. of Social Services, Div. Of Medical Services_, 2004 WL 3192712, Mo. Admin. Hrg. Comm., 3–1957 SP (Dec. 20 2004). See also _Missourians for Separation of Church and State v. Robertson_, 592 S.W.2d 825, 841 (Mo. App.1979). "The power to formulate rules to effect a policy of statute is legislative. The power to decide legal rights is judicial." _Id._

**7.** "Standing is a jurisdictional matter antecedent to the right to relief." *Farmer v. Kinder,* 89 S.W.3d 447, 451 (Mo. banc 2002). If a party lacks standing, the court must dismiss the case because it does not have jurisdiction of the substantive issues presented. *Id.;* Rule 55.27(g)(3). "Lack of standing cannot be waived." *Id.* "[I]f a party lacks standing, the court must dismiss the case because it does not have jurisdiction of the substantive issues presented." *Id.*