

# SUPREME COURT OF MISSOURI
## en banc

STATE EX REL. KENNETH ZELLERS, )  *Opinion issued October 1, 2019*
ACTING DIRECTOR, MISSOURI )
DEPARTMENT OF REVENUE, )
)
          Relator, )
)
v. ) No. SC97787
)
THE HONORABLE BRENDA STACEY, )
)
          Respondent. )

### ORIGINAL PROCEEDING IN PROHIBITION

PER CURIAM

Jefferson County 9-1-1 Dispatch filed a declaratory judgment action against the director of the Missouri Department of Revenue[1] in the Jefferson County circuit court. The Director subsequently filed a motion to change venue to the Cole County circuit court. The circuit court overruled the Director's motion. The Director now seeks a writ of prohibition ordering the circuit court to take no further action other than transferring venue to Cole County.

---

[1] At the time this writ petition was filed, Joel Walters was the director of revenue. Kenneth Zellers, the current acting director, subsequently was substituted as a party in these writ proceedings.

**Statement of Facts**

In November 2018, Dispatch filed an action in the Jefferson County circuit court seeking a declaration as to the meaning of subsections 5 and 6 of section 190.460[2] and to enjoin the Director from applying section 190.460 to Dispatch. Section 190.460 pertains to the collection and calculation of a prepaid wireless emergency service charge.

The Director moved for change of venue, alleging Cole County was the proper venue pursuant to section 508.010.2, the general venue statute. Dispatch opposed the motion, arguing venue was proper in Jefferson County under section 536.050, a specific venue statute for declaratory judgment actions. Following a hearing, the circuit court overruled the Director's motion, finding section 536.050 applied and made venue proper in Jefferson County.

The Director filed a petition for a writ of prohibition in the court of appeals. The court of appeals initially issued a preliminary writ but ultimately denied the writ petition without opinion. The Director then sought a writ of prohibition from this Court. This Court issued a preliminary writ, which is now made permanent.

**Standard of Review**

This Court has the authority to issue and determine original remedial writs. Mo. Const. art. V, § 4.1. This Court may issue a writ of prohibition:

> (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

---

[2] References to section 190.460 are to RSMo Supp. 2018. All other statutory references are to RSMo 2016.

2

*State ex rel. Missouri Pub. Def. Comm'n v. Pratte*, 298 S.W.3d 870, 880 (Mo. banc 2009). "The relator has the burden of establishing the circuit court acted in excess of its authority." *State ex rel. Cullen v. Harrell*, 567 S.W.3d 633, 637 (Mo. banc 2019). "It is well-established that this Court accepts the use of an extraordinary writ to correct improper venue decisions of the circuit court before trial and judgment." *State ex rel. Kan. City S. Ry. Co. v. Nixon*, 282 S.W.3d 363, 365 (Mo. banc 2009).

**Analysis**

The Director asserts the preliminary writ of prohibition should be made permanent because venue is proper only in Cole County. Venue is controlled by statute. *State ex rel. BJC Health Sys. v. Neill*, 121 S.W.3d 528, 529 (Mo. banc 2003). Section 508.010.2 provides, when "there is no count alleging a tort" and "the defendant is a resident of the state," venue is proper "either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found[.]" In interpreting section 508.010, this Court has held state executive department heads reside "in the county where their offices are located and their principal official duties are performed." *Edwards v. Gerstein*, 237 S.W.3d 580, 583-84 (Mo. banc 2007).

This action does not involve a tort. Section 508.010.2, therefore, applies and requires venue to be in the county within which the Director – a state executive department head – resides. The Director's office is in Cole County, where he performs his principal official duties, *see* § 32.040 ("The board of public buildings shall provide the director of revenue and the department of revenue with suitable quarters in the City of Jefferson."),

3

and the record reflects he was served in Cole County. Accordingly, venue is proper in Cole County under section 508.010.2.

Dispatch does not dispute the Director resides in Cole County; rather, it contends section 536.050.1 controls venue in this case. Section 536.050.1 provides, in pertinent part:

> The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting *the validity of rules, or of threatened applications thereof*, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented. The venue of *such suits* against agencies shall, at the option of the plaintiff, be in the circuit court of Cole County, or in the county of the plaintiff's residence[.]

(Emphasis added). "[S]uch suits," as used in the venue provision of section 536.050.1, refers back to "declaratory judgments respecting the validity of rules, or of threatened applications thereof." Under the statute's plain language, therefore, venue can be invoked under section 536.050.1 only in declaratory judgment actions involving the validity or threatened application of an administrative rule.

Dispatch asserts this case involves a declaratory judgment action respecting the validity or threatened application of an administrative rule because of an e-mail regarding section 190.460 it received from one of the Director's employees. But this Court has held: "Without promulgation of an administrative rule, section 536.050.1 cannot support venue to dispute the validity of a rule." *United Pharmacal Co. of Mo. Inc. v. Mo. Bd. of Pharmacy*, 159 S.W.3d 361, 366 (Mo. banc. 2005). Likewise, "[s]ection 536.050.1 cannot provide venue in the absence of an application of a rule or on the mere allegation of such an application." *Id.* at 367. Rather, to assert section 536.050.1 as the basis for venue, the

4

party must "plead and establish specific facts that a promulgated rule was the basis of the [agency]'s action." *Id.*

Dispatch has not established or pleaded that this case involves a promulgated administrative rule. In its petition, Dispatch references only section 190.460 and its application. Nowhere in the petition does Dispatch cite an administrative rule, challenge the validity of an administrative rule, or allege the Director threatened application of an administrative rule.

While Dispatch contends the e-mail is regulatory in nature, "[n]ot everything that is written or published by an agency constitutes an administrative rule." *Id.* at 365. Missouri has clear procedures for promulgating administrative rules. *See* § 536.021 (setting forth detailed requirements with which an agency must comply to promulgate a rule, including filing notice of the proposed rule and a final order of rulemaking with the secretary of state). The e-mail on which Dispatch relies is three paragraphs long and sets out the department of revenue's interpretation of section 190.460 and its interplay with two other statutes. It does not establish any attempt by the Director to promulgate a rule. The e-mail, therefore, falls well short of amounting to a promulgated administrative rule.

Because the e-mail does not constitute a promulgated rule, section 536.050 does not apply and venue is improper in Jefferson County. "Prohibition lies to bar the trial court from taking any further action, except to transfer the case to a proper venue." *State ex rel. SSM Health Care St. Louis v. Neill*, 78 S.W.3d 140, 142 (Mo. banc 2002). Accordingly, the circuit court is prohibited from taking any further action except to transfer the underlying action to Cole County, where venue is proper.

5

## Conclusion

The preliminary writ of prohibition is made permanent.



All concur.